UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN OTTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-CV-10 RLW |
| | ) |
| ARRON WILSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on self-represented plaintiff Shawn Otte's application to proceed in the district court without prepaying fees and costs. Having reviewed plaintiff's financial information, the Court will grant the application and assess an initial partial filing fee of $1.50. For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the financial information contained in the application, the Court will grant the application and require plaintiff to pay an initial partial filing fee of $1.50, which is twenty percent of his monthly pay. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at the Fulton Reception & Diagnostic Center in Fulton, Missouri. He files this 42 U.S.C. § 1983 action against the following defendants: Arron Wilson (Sheriff, Randolph County), Chandra Bankhead (Head Juvenile Officer), Mike Fusselman, Jessica Tugg, Aleix Fry, James Cooksey, Chezney Schulte, Parker Schulte, Stephanie Michelle Lundsford, Ro Kelley, Mason Robert Gebhardt, Christina McCartney, and Michelle Chapman.[1] He sues all defendants in their individual capacities.

For his statement of his claim, plaintiff states only "my son was taken from me and violated my rights I was in jail." (ECF No. 1 at 4.) He does not allege when and where this happened. Plaintiff has not identified any defendants that were personally responsible. For relief, he seeks "an investigation on the defendant in this case and the neglect fac[ilities] mental health staff is to[o] small right to adequate medical care." (Id. at 5.)

Under the heading "Injuries," plaintiff states that he has mental stress and lost time with his child. He alleges "they won't give me any info about my child." (Id.) He also states he was never given an attorney to contest the matter. (Id.) "[M]y son was stolen from me by law enforcement and courts and Judges and Juvenile and I'm one person they take the rights to my son because of my criminal back ground but there nothing there that would give [them] the right to take my son." (Id.)

---

[1] Plaintiff does not list the job title of any defendants except for Arron Wilson and Chandra Bankhead.

Under the "Relief" heading, plaintiff states that his equal protection rights were violated and that "no state shall deprive any person life[,] liberty[,] or property." (Id. at 6.) Plaintiff seeks $5,000 dollars per day for every day that he has been away from his son. (Id.)

## Discussion

After careful review and liberal construction of the complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

Plaintiff contests the loss of custody of his son. However, he does not name any of the defendants in the factual allegations in the body of his complaint. He does not allege how any of the defendants personally violated his federal civil rights. He cites to the Constitution, in particular the Sixth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The Sixth Amendment guarantees the rights of criminal defendants to a lawyer. *See* U.S. Const. amend. VI. Plaintiff's son's custody case would have been a civil proceeding, however, and the Sixth Amendment does not guarantee the right to a lawyer in a civil proceeding. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).

To the extent plaintiff cites to Due Process and Equal Protection Clauses, he makes conclusory statements only. He simply uses the words "violated equal protection rights violated and no state shall deprive any person life[,] liberty[,] or property." Compl. at 6. Plaintiff's mere quoting of parts of the Fourteenth Amendment is not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff does not allege how any defendant was involved in the underlying state court child custody proceedings, or how any defendant personally deprived plaintiff of his rights to due process and equal protection. Plaintiff's complaint does not contain

the factual content that would allow the Court to "draw the reasonable inference" that any of the defendants are liable for the alleged constitutional violations. *See id.*

Because plaintiff has not asserted any other violation of federal law, the Court would only have subject matter jurisdiction over this matter if it could exercise diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff cannot establish diversity jurisdiction, because his case falls within the domestic relations exception to federal jurisdiction. The domestic relations exception "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Further, when a cause of action is closely related to an action for divorce, alimony, or child custody, federal courts generally abstain from exercising jurisdiction. *Id*.

For these reasons, the Court will dismiss this action without process for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.50 by **May 6, 2024**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

An Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of April, 2024.